## HORNI v. MAYOR AND ALDERMEN OF JERSEY CITY, N. J.

District Court, D. New Jersey.

Dec. 9, 1932.

W. J. Egan, of Newark, N. J. (Harry E. Knight and Ray T. Ernst, both of New York City, of counsel), for plaintiff.

Thomas J. Brogan, of Jersey City, N. J. (Charles A. Rooney and James R. Bowen, both of Jersey City, N. J., of counsel), for defendant.

FAKE, District Judge.

This is a patent suit in which plaintiff alleges infringement and seeks equitable relief. Defendant answering denies infringement, and alleges, among other things, prior public use.

The Patent Act, Rev. St. § 4886 (35 USCA § 31), provides for the issuance of letters patent, expressly limiting such issuance to discoveries or inventions which have not been in public use or on sale in this country for more than two years prior to the application for a patent.

The devices under consideration bear upon plaintiff's patent No. 1,728,762, applied for December 9, 1926, granted September 17, 1929, and a reissue thereof applied for November 12, 1929, and granted April 15, 1930, Reissue No. 17,642. The substance thereof, in so far as the issues here are concerned, is expressed in claim 3 of the reissued patent as follows:

"3. A traffic signal comprising a lantern support, a group of a plurality of signal lanterns spaced around said support in a common horizontal plane, each of said lanterns being mounted upon a vertical axis upon said support and adjustable through an arc upon its said axis to project the light rays of three of said signal lanterns towards the approaching traffic in plurality of substantially parallel contiguous traffic lanes."

From the above claim read in connection with the other claims, it is seen that the major idea of the patent is a traffic signal so constructed as to permit the light rays of a plurality of signal lanterns, spaced around a central support, to be so adjusted in use as to cast their respective light rays into parallel or substantially parallel traffic lanes, without permitting the rays of one to intercept the rays of another, thus providing a device which may be erected upon a central support having thereon five lanterns or lantern housings which may be so adjusted and so operated as to regulate the flow of traffic upon five lanes, three of which may be parallel or nearly so. Its usefulness lies in its adaptability to traffic problems at intersections commonly known as five corners.

On the 7th day of October, 1924, the city council of the city of Wilkes-Barre passed a resolution reciting dissatisfaction with certain signal lights located at the four corners of the public square in that city because they failed to meet the requirements of traffic approaching from many different angles. The resolution authorized the purchase of four new five-way signals from Crouse-Hinds Company, and it also mentions certain plans for the same made by the said company. On the 5th day of November, 1924, one of the signals so authorized was placed in operation at the intersection of the public square and South Main street in Wilkes-Barre, and thereafter three more of them were placed in operation.

On the 30th day of September, 1924, drawings were made by the Crouse-Hinds Company, from which the signals above mentioned were constructed. An examination of these plans discloses a signal device which covers every essential element in the claims of plaintiff's patent which are under consideration here. The lantern casings are of semielliptical design. They are adjustable upon vertical axes. They may be so adjust-

992

ed as to cast the light rays from three of said housings in parallel lines. Their support is a central standard, and five of the lanterns or housings are attached thereto in like manner and for like uses as those shown in plaintiff's patents.

The sale of the four Crouse-Hinds traffic signals to the city of Wilkes-Barre was consummated and the first signal delivered was installed in that city on November 5, 1924, from which time down to and including the date of plaintiff's patent application one or more of them remained in public use. Thus it appears that the disclosures covered by the claims in suit in plaintiff's patents were known, were on sale, and were in public use within a period exceeding two years prior to December 9, 1926, the date of his original application. The patents are therefore void so far as the claims under consideration in this case are concerned.

Plaintiff's design patent No. 81,694 also falls for the same reasons as those above expressed. The claims in suit of the patents being invalid, there is no necessity for examining into the question of infringement.

A decree for the defendant will be entered.